(37 App. Div. 512.)

RILEY v. CUMMINGS et ux.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

TRUSTS—UNLAWFUL SALE BY TRUSTEE—RIGHTS OF PURCHASER.

Testator during life conveyed property to C., and simultaneously the latter made an agreement with testator and his wife, reciting that the conveyance was made to enable C. to sell, the proceeds to be applied to testator's debts. C. and wife conveyed a part of the property, and the vendee, after placing several mortgages thereon, reconveyed to them. The wife purchased at a foreclosure of one of the mortgages. Testator's wife sought to set aside the referee's deed, alleging that it was fraudulent. *Held*, that the complaint was properly dismissed, where there was no evidence that the wife had notice of the agreement with C., and her purchase was in good faith.

Patterson, J., dissenting.

Appeal from special term.

Action by Margaret Riley, as executrix of the will of James Riley, deceased, against Richard Cummings and wife, to set aside a convey-

ance of real estate.    From an interlocutory judgment in favor of defendants, plaintiff appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. Godfrey Patterson, for appellant.

J. Fred. Cryer, for respondents.

McLAUGHLIN, J.    James Riley, the plaintiff's testator, in October, 1891, conveyed two parcels of real estate in the city of New York, subject to mortgages then thereon amounting to $37,966 and accrued interest, to the defendant Richard Cummings; and, simultaneously with the delivery of the deed, Cummings entered into a written agreement with Riley and his wife to the effect that the conveyance was made for the purpose of enabling him to sell the premises as soon as possible upon the best terms obtainable, and to apply the proceeds of the sale, after deducting the expenses incident thereto, to the payment and satisfaction of certain indebtedness of Riley and his wife, and, after such application, to pay whatever remained, if anything, to Riley. Cummings went into possession, and on the 5th of April following, by a deed bearing date on that day, but acknowledged on the next day, he and his wife, Elizabeth, the other defendant, conveyed one of the parcels (no question is presented as to the other parcel) to one Lawson, for the expressed consideration of $50,000, who, on the same day that he received the deed, after placing three mortgages upon the premises (one to the United States Trust Company for $31,000, one to Seymour P. Kurzman for $3,755, and one to the Bradley-Currier Company for $5,855), reconveyed to Cummings for the same consideration expressed in the deed to him.    In August, 1893, the defendant Elizabeth Cummings purchased the Bradley-Currier Company mortgage; and some time thereafter foreclosure proceedings were commenced on the Kurzman mortgage by one Katharine Yale, who had become the owner thereof by mesne assignments.    The action to foreclose was prosecuted to a judgment, and upon the sale thereunder the defendant Elizabeth Cummings purchased the premises, and received in May, 1894, a deed from the referee therein.    Riley died on or about the 2d of September, 1893, leaving a will, which was thereafter admitted to probate, and letters testamentary thereon issued to this plaintiff. She thereafter, as such executrix, commenced this action to compel the defendant Richard Cummings to account for the moneys received by him from the premises conveyed by her husband, and also to procure a judgment setting aside the deed from the referee to the defendant Elizabeth Cummings upon the ground that it was fraudulent and void as to the plaintiff, and also for a resale.    The court dismissed the complaint as to the defendant Elizabeth, but directed that an interlocutory judgment be entered requiring the defendant Richard Cummings to account for all his acts and proceedings concerning said transaction, including all moneys received and disbursed by him on account thereof, and that final judgment be reserved until such accounting was had.    An interlocutory judgment was thereupon entered to this effect, from which the defendant has appealed.

We are unable to see how the trial court could have reached any

other conclusion than it did. There is nothing in the record before us which shows or tends to show that the defendant Elizabeth Cummings, either in taking the assignment of the mortgage referred to, or in becoming the purchaser at the sale, did not act in good faith, or that she did not pay all the property was worth. There is nothing from which even an inference can be drawn that she either had knowledge of the agreement which her husband had made with the Rileys, or that her purpose in making the purchase was to injure or defraud them in any way. The deed to her husband was absolute upon its face, and no reference was made therein to the agreement. It cannot, therefore, be said, because she joined in the deed to Lawson, that she knew of the terms and conditions under which her husband held the title. Indeed, the only thing that has been or can be suggested from which it can be inferred that she had knowledge of that agreement is that she is the wife of the defendant Richard Cummings; and this, of itself, we do not think sufficient to justify the court in granting the relief asked for against her. From anything that appears, the plaintiff's rights will be fully protected by the accounting directed.

The judgment should be affirmed, with costs. All concur, except PATTERSON, J., dissenting.

PATTERSON, J. I dissent from the views of the majority of the court in this case, and am of the opinion that the judgment should be reversed. The trustee violated his trust, and Elizabeth Cummings, his wife, now holds the legal title to certain premises which were affected by the trust. There is nothing better settled in the law than that one who, with knowledge of the terms of a trust, purchases the trust property, or takes an incumbrance thereon, is bound by his knowledge. If he buys the property, it will be subjected in his hands to the same trust, notwithstanding he has paid a valuable consideration. If he takes an incumbrance, if it be valid at all, it will be subordinated to the trust purposes. The following facts appear in this case:

James Riley was the owner of certain real property in the city of New York. He and his wife, the present plaintiff, conveyed that property on the 9th of October, 1891, to the defendant Richard Cummings. On the same day an instrument was given back to the Rileys in which it was declared that, while the deed from them was absolute on its face, it nevertheless was taken in order that Richard Cummings might sell the premises as soon as possible for the best price and the best terms that could be obtained, and apply the proceeds to the payment of expenses incurred for legal services, or by Richard Cummings in finishing a certain building, and to the satisfaction of claims Cummings had against James Riley, and for labor or materials "against the premises," and to the satisfaction of an indebtedness of James Riley and Margaret Riley to the extent of $12,000. The trial court found what the purposes of the trust were, and that Richard Cummings held the property, to sell the same, and to apply the proceeds of sale, among other things, to the satisfaction of the indebtedness of James Riley to Margaret Riley, to the extent of $12,000. It affirmatively appears that this trust was never carried out, but was apparently violated, by Richard Cummings. He did not sell the land. He and his wife, the

defendant Elizabeth Cummings, made a formal conveyance of it to one Lawson, who executed mortgages upon it,—one of them being to the Bradley-Currier Company, and another to S. B. Kurzman; and, the day after those mortgages were put upon the property, Lawson reconveyed it to Richard Cummings. The transaction seems to speak for itself. Afterwards, the Bradley-Currier mortgage was assigned to the defendant Elizabeth Cummings, the wife of Richard Cummings. She then had a mortgage upon this property which her husband had held as trustee, and which he had no authority to make or cause to be made. Subsequently the Kurzman mortgage was foreclosed, and on the sale under the decree Elizabeth Cummings became the purchaser. The court below has found that Richard Cummings must account for his administration of this property. Whatever is found due from him may be charged upon the land. It therefore appears that, by means of a conveyance in which Elizabeth Cummings joined,—not intended as a sale, but merely as a device for creating mortgages,—the trustee has caused incumbrances to be put upon the property, which he had no right to make or cause to be made, and which any person buying or taking with knowledge of the limitation of power would take at his peril. The trustee must account for the property, and what he has done with it; so the court below has held. What is the situation of Elizabeth Cummings with respect to her being a bona fide purchaser of her mortgage or of the land at the foreclosure sale? Is there anything to show she had notice or knowledge of prior equities? The complaint was dismissed as to her because of a supposed failure to prove that she was not a bona fide purchaser, or in some way connected with the acts of her husband, the trustee. Doubtless the burden of proof was upon the plaintiff to show such a state of facts as would charge Elizabeth Cummings with notice or knowledge of the true relation of her husband to the property, and his inability to place mortgages upon that property. The specific allegations of actual fraud in fact charged against her were not proven, but, as I read the pleadings in this case, it was not necessary for the plaintiff, in order to procure an interlocutory judgment, and for the purpose of holding Elizabeth Cummings in court until the case was ripe for final judgment, to introduce any more proof than was given. We find her a party to the deed to Lawson. That, of itself, is not of much importance; but she does not answer separately in the action; she does not set up that she is a bona fide purchaser, either of the mortgage, or of the land on the foreclosure sale; she does not claim to have advanced one dollar for the mortgage, nor to have paid anything on the purchase. It is not true that the only circumstance connecting her with this property and these transactions is the fact that she is the wife of the trustee. She admits in her answer that her husband took the conveyance from Riley and his wife on the terms recited in the declaration of trust. That instrument is set out in the third paragraph of the complaint. She and her husband jointly answer that paragraph, and they admit that the conveyance was made by the Rileys to Richard Cummings under that trust. Richard Cummings knew of the trust and its terms, and in her answer Elizabeth Cummings does not separate her knowledge from her husband's. The admission is broad enough to cover knowledge of the

trust on her part at the time she joined in the deed to Lawson. She has refrained altogether from pleading any rights acquired as a bona fide purchaser, or as the assignee of a bona fide mortgagee without notice. All the facts and circumstances connected with her relation to the property must necessarily appear on the accounting directed by the interlocutory judgment, and it may be required that the amount found due from the trustee, if any, should be charged on the land in the hands of Elizabeth Cummings. In my opinion, there was sufficient proof in this case to authorize an interlocutory judgment against both defendants.